FILED

MAR 19 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EVERETT GALINDO GONZALEZ, | No. 13-17021 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-01284-AWI-SKO |
| v. | |
| C. GARDEMAL, Associate Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted March 10, 2015[**]

Before:    FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Everett Galindo Gonzalez, a California state prisoner, appeals pro se from

the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

retaliation and due process violations.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo.  *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010)

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(dismissal under Fed. R. Civ. P. 12(b)(6)); *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008) (statute of limitations). We affirm in part, reverse in part, and remand.

The district court properly dismissed as time-barred Gonzalez's retaliatory transfer claim and his due process claims stemming from his re-validation as a gang member in 2004 and 2006, and his inactive status review in 2006. *See* Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations for personal injury claims); *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (§ 1983 claims are governed by forum state's statute of limitations for personal injury actions, and they accrue when the plaintiff knows or should know of the injury that is the basis of the cause of action); *see also Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations [is] tolled while a prisoner completes the mandatory exhaustion process."). Contrary to Gonzalez's contention, he is not entitled to statutory tolling because he is incarcerated for a life term without the possibility of parole. *See* Cal. Civ. Proc. Code § 352.1(a) (requirements for tolling due to incarceration). We also reject Gonzalez's contention that he is entitled to additional equitable tolling.

The district court also dismissed as time-barred Gonzalez's due process claim based on his 2007 re-validation. However, that claim is timely because

Gonzalez filed this action within two years of when that claim accrued. *See* Cal. Civ. Proc. Code § 335.1; *Douglas*, 567 F.3d at 1109. Moreover, Gonzalez alleged that defendants did not present any reliable evidence in recommending his continued validation and that he served an indeterminate term in the Security Housing Unit – allegations sufficient to state a due process claim. *See Castro v. Terhune*, 712 F.3d 1304, 1307, 1314-15 (9th Cir. 2013) ("[d]ue process . . . requires [prison gang member] validations to be supported by 'some evidence'"; "some evidence" is any evidence bearing some indicia of reliability); *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003) (explaining due process requirements for placing a gang member in segregation). We therefore reverse and remand for further proceedings as to Gonzalez's due process claims based on his 2007 re-validation.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

We do not consider defendants' arguments regarding qualified immunity because defendants failed to make these arguments before the district court. *See Armstrong v. Brown*, 768 F.3d 975, 981 (9th Cir. 2014) (arguments not raised before the district court are waived).

Appellees' motion to strike, filed on November 13, 2014, is granted.

Gonzalez's motion to supplement the record, filed on January 29, 2015, is denied.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**